UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

BRIANNA ROBINSON and
SUNNI LEWIS,

        Plaintiff,

vs.

CRAFTY CRAB ORLANDO, INC.,
HAO CHEN and MIN LIN,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, BRIANNA ROBINSON and SUNNI LEWIS ("Ms. Robinson" and "Ms. Lewis"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, CRAFTY CRAB ORLANDO, INC. ("Crafty Crab"), HAO CHEN (Mr. Chen) and MIN LIN ("Mr. Lin"), and states as follows:

### I. INTRODUCTION

1. The Federal Fair Labor Standards Act (the "Act") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

2. To achieve its goals, the Act sets minimum pay standards for employees and employers.

3. Importantly, the Act also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id.*

4. Crafty Crab utilized its unequal bargaining power to render Ms. Robinson and Ms. Lewis defenseless against the denial of a living wage, something they are entitled to receive and which is protected by the Act.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

7. Ms. Robinson was employed by Crafty Crab from approximately February 2020 to December 2020.

8. Ms. Lewis was employed by Craft Crab from approximately February 2020 to November 2020.

9. Crafty Crab is a full-service restaurant.

10. Ms. Robinson was employed by Crafty Crab as a server.

11. Ms. Lewis was employed by Crafty Crab as a hostess and server.

12. Crafty Crab agreed to pay Ms. Robinson five dollars and fifty-four cents ($5.54) and hour plus her tips.

13. Crafty Crab agreed to pay Ms. Lewis eight dollars and fifty-six cents ($8.56) and ten dollars ($10.00) and hour as a hostess and five dollars and fifty-four cents ($5.54) and hour plus her tips as a server.

14. At all times relevant time to their employment, Ms. Robinson and Ms. Lewis, regularly used the instrumentalities and channels of interstate commerce while performing their work.

15. At all times relevant to their employment, Ms. Robinson and Ms. Lewis were directly engaged in interstate commerce or in the production of goods for interstate commerce.

16. Crafty Crab is an "employer" as defined by 29 U.S.C. § 203(d).

17. Crafty Crab has employees subject to the provisions of the FLSA in the facility where Ms. Robinson and Ms. Lewis were employed.

18. Crafty Crab employed two or more persons, including Ms. Robinson and Ms. Lewis, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by a person.

19. Ms. Robinson and Ms. Lewis aver based on their information and belief that at all times relevant to the violations of the Fair Labor Standards Act, Crafty Crab is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

20. Defendant, Mr. Chen, is an owner of Crafty Crab.

21. Defendant, Mr. Chen, is involved in the day-to-day operations of Crafty Crab.

22. Defendant, Mr. Chen, guided the company policies of Crafty Crab.

23. Defendant, Mr. Chen, actively engaged in the management, supervision, and oversight of Crafty Crab.

24. Defendant, Mr. Chen, could have authorized Crafty Crab's compliance with the Fair Labor Standards Act.

25. Defendant, Mr. Chen, had control over the financial affairs of Crafty Crab.

26. Defendant, Mr. Chen, at all times material hereto was acting directly or indirectly in the interest of Crafty Crab in relation to Crafty Crab's employees and was substantially in control of the terms and conditions of the employees' work.

27. Defendant, Mr. Lin, is an owner of Crafty Crab.

28. Defendant, Mr. Lin, is involved in the day-to-day operations of Crafty Crab.

29. Defendant, Mr. Lin, guided the company policies of Crafty Crab.

30. Defendant, Mr. Lin, actively engaged in the management, supervision, and oversight of Crafty Crab.

31. Defendant, Mr. Lin, could have authorized Crafty Crab's compliance with the Fair Labor Standards Act.

32. Defendant, Mr. Lin, had control over the financial affairs of Crafty Crab.

33. Defendant, Mr. Lin, at all times material hereto was acting directly or indirectly in the interest of Crafty Crab in relation to Crafty Crab's employees and was substantially in control of the terms and conditions of the employees' work.

34. Ms. Robinson worked more than forty hours in several workweeks but did not receive time-and-a-half for each overtime hour worked.

35. Ms. Lewis worked more than forty hours in several workweeks but did not receive time-and-a-half for each overtime hour worked.

36. Crafty Crab had knowledge that Ms. Robinson was working overtime without proper compensation.

37. Crafty Crab had knowledge that Ms. Lewis was working overtime without proper compensation.

38. Ms. Robinson worked numerous weeks without receiving the proper minimum wage for each hour worked.

39. Ms. Lewis worked numerous weeks without receiving the proper minimum wage for each hour worked.

40. Crafty Crab had knowledge that Ms. Robinson worked multiple weeks without receiving minimum wage.

41. Crafty Crab had knowledge that Ms. Lewis worked multiple weeks without receiving minimum wage.

42. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Robinson for her hours worked.

43. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Lewis for her hours worked.

44. Crafty Crab took illegal deductions from Ms. Robinson's compensation requiring that she pay Crafty Crab for customer walk-outs and errors.

45. Crafty Crab took illegal deductions from Ms. Lewis' compensation requiring that she pay Crafty Crab for customer walk-outs and errors.

46. Crafty Crab had a "tip pool" arrangement.

47. Crafty Crab's "tip pool" arrangement included the sharing or pooling of tips with employees that do not customarily or regularly receive tips, including but not limited to management, owners, and kitchen staff.

48. Crafty Crab did not allow Ms. Robinson to retain all of her tips as a portion of her tips were retained by Defendants.

49. Crafty Crab did not allow Ms. Lewis to retain all of her tips as a portion of her tips were retained by Defendants.

50. Crafty Crab failed to make a good faith effort to determine if Ms. Robinson was being compensated appropriately pursuant to the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA).

51. Crafty Crab failed to make a good faith effort to determine if Ms. Robinson was being compensated appropriately pursuant to the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA).

52. Crafty Crab's unlawful compensation practices are in willful disregard of the rights of Ms. Robinson.

53. Crafty Crab's unlawful compensation practices are in willful disregard of the rights of Ms. Lewis.

54. Crafty Crab has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

55. Crafty Crab also failed to post the required notice pursuant to the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act

(FMWA).

56. Ms. Robinson and Ms. Lewis have retained LaBar & Adams, P.A. as counsel and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**PLAINTIFF, BRIANNA ROBINSON'S CLAIM**
**FOR VIOLATIONS OF THE OVERTIME PROVISION OF**
**THE FAIR LABOR STANDARDS ACT**

57. Plaintiff, Ms. Robinson, re-alleges and incorporates herein the allegations contained in paragraphs 2-7, 9, 10, 12, 14-34, 36, 42, 50-52, 54-56 above.

58. Ms. Robinson was employed by Crafty Crab from approximately February 2020 to December 2020.

59. From February 2020 to December 2020, Crafty Crab repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Robinson at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically, Ms. Robinson worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

60. Crafty Crab willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

61. Crafty Crab failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Robinson demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Ms. Robinson demands a jury trial on all issues contained in Count I.

### COUNT II
### PLAINTIFF, SUNNI LEWIS' CLAIM
### FOR VIOLATIONS OF THE OVERTIME PROVISION OF
### THE FAIR LABOR STANDARDS ACT

62. Plaintiff, Ms. Lewis, re-alleges and incorporates herein the allegations contained in paragraphs 2-6, 8, 9, 11, 13-33, 35, 37, 43, 53-56 above.

63. Ms. Lewis was employed by Crafty Crab from approximately February 2020 to November 2020.

64. From June 2020 to November 2020, Crafty Crab repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Lewis at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically, Ms. Lewis worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

65. Crafty Crab willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

66. Crafty Crab failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Lewis demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Ms. Lewis demands a jury trial on all issues contained in Count II.

## COUNT III
## PLAINTIFF, BRIANNA ROBINSON'S CLAIM
## FOR VIOLATIONS OF THE MINIMUM WAGE PROVISION OF
## THE FAIR LABOR STANDARDS ACT

67.    Plaintiff, Ms. Robinson, re-alleges and incorporates herein the allegations contained in paragraphs 2-7, 9, 10, 12, 14-34, 38, 40, 42, 44-48, 50-52, 54-56 above.

68.    Ms. Robinson was employed by Crafty Crab from approximately February 2020 until December 2020.

69.    During Ms. Robinson's employment, Crafty Crab repeatedly and willfully violated § 6 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Robinson the appropriate minimum wage rate for each and every hour worked.

70.    Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Robinson for her hours worked.

71.    Crafty Crab took illegal deductions from Ms. Robinson compensation requiring that she pay Crafty Crab for customer walk outs and errors.

72.    Crafty Crab had a "tip pool" arrangement.

73. Crafty Crab's "tip pool" arrangement included the sharing or pooling of tips with employees that do not customarily or regularly receive tips, including but not limited to management/owners and kitchen staff.

74. Crafty Crab did not allow Ms. Robinson to retain all of her tips as a portion of her tips were retained by Defendants.

75. Crafty Crab willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

76. Crafty Crab failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Robinson demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Ms. Robinson demands a jury trial on all issues contained in Count III.

## COUNT IV
## PLAINTIFF, SUNNI LEWIS' CLAIM
## FOR VIOLATIONS OF THE MINIMUM WAGE PROVISION OF
## THE FAIR LABOR STANDARDS ACT

77. Plaintiff, Ms. Lewis, re-alleges and incorporates herein the allegations contained in paragraphs 2-6, 8, 9, 11, 13-33, 39, 41, 43, 45-47, 49-51, 53-56 above.

78. Ms. Lewis was employed by Crafty Crab from approximately February 2020 until November 2020.

79. During Ms. Lewis' employment, Crafty Crab repeatedly and willfully violated § 6 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Lewis the appropriate minimum wage rate for each and every hour worked.

80. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Lewis for her hours worked.

81. Crafty Crab took illegal deductions from Ms. Lewis compensation requiring that she pay Crafty Crab for customer walk outs and errors.

82. Crafty Crab had a "tip pool" arrangement.

83. Crafty Crab's "tip pool" arrangement included the sharing or pooling of tips with employees that do not customarily or regularly receive tips, including but not limited to management/owners and kitchen staff.

84. Crafty Crab did not allow Ms. Lewis to retain all of her tips as a portion of her tips were retained by Defendants.

85. Crafty Crab willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

86. Crafty Crab failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Lewis demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Ms. Lewis demands a jury trial on all issues contained in Count IV.

### COUNT V
### PLAINTIFF, BRIANNA ROBINSON'S CLAIM
### FOR VIOLATIONS OF FLORIDA MINIMUM WAGE ACT (FMWA)

87. Plaintiff, Ms. Robinson, re-alleges and incorporates herein the allegations contained in paragraphs 2-7, 9, 10, 12, 14-34, 38, 40, 42, 44-48, 50-52, 54-56 above.

88. Ms. Robinson was employed by Crafty Crab from approximately February 2020 until December 2020.

89. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Robinson for her hours worked.

90. Crafty Crab had a "tip pool" arrangement.

91. Crafty Crab's "tip pool" arrangement included the sharing or pooling of tips with employees that do not customarily or regularly receive tips, including but not limited to management/owners and kitchen staff.

92. Crafty Crab took illegal deductions from Ms. Robinson compensation requiring that she pay Crafty Crab for customer walk outs and errors.

93. Crafty Crab did not allow Ms. Robinson to retain all of her tips as a portion of her tips were retained by Defendants.

94. Ms. Robinson is entitled to full reimbursement of the difference between Florida's Minimum Wage and the direct hourly wage received.

95. Defendants failed to keep the required payroll and time records as required by state and federal law.

96. Defendants failed to display the required Minimum Wage Notice pursuant to Florida Statute §448.109.

97. Defendants' actions were not made in good faith.

98. Defendants lacked any reasonable grounds for believing that their actions were not a violation of the FMWA.

99. All conditions precedent to bringing this count have been satisfied.

WHEREFORE, Ms. Robinson demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT VI
## PLAINTIFF, SUNNI LEWIS' CLAIM
## FOR VIOLATIONS OF FLORIDA MINIMUM WAGE ACT (FMWA)

100. Plaintiff, Ms. Lewis, re-alleges and incorporates herein the allegations contained in paragraphs 2-6, 8, 9, 11, 13-33, 39, 41, 43, 45-47, 49-51, 53-56 above.

101. Ms. Lewis was employed by Crafty Crab from approximately February 2020 until November 2020.

102. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Lewis for her hours worked.

103. Crafty Crab had a "tip pool" arrangement.

104. Crafty Crab's "tip pool" arrangement included the sharing or pooling of tips with employees that do not customarily or regularly receive tips, including but not limited to management/owners and kitchen staff.

105. Crafty Crab took illegal deductions from Ms. Lewis compensation requiring that she pay Crafty Crab for customer walk outs and errors.

106. Crafty Crab did not allow Ms. Lewis to retain all of her tips as a portion of her tips were retained by Defendants.

107. Ms. Lewis is entitled to full reimbursement of the difference between Florida's Minimum Wage and the direct hourly wage received.

108. Defendants failed to keep the required payroll and time records as required by state and federal law.

109. Defendants failed to display the required Minimum Wage Notice pursuant to Florida Statute §448.109.

110. Defendants' actions were not made in good faith.

111. Defendants lacked any reasonable grounds for believing that their actions were not a violation of the FMWA.

112. All conditions precedent to bringing this count have been satisfied.

WHEREFORE, Ms. Lewis demands a judgment against Crafty Crab, Mr. Chen and Mr. Lin, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

Dated: October 22, 2021

Respectfully submitted,

*/s/ N. Ryan LaBar, Esq.*
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)