

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIANNA ROBINSON AND
SUNNI LEWIS,

        Plaintiffs,                CASE NO.: 6:2021-cv-01781-PGB-GJK

v.

CRAFTY CRAB ORLANDO INC.,
HAO CHEN, AND MIN LIN,

        Defendants.
_____

### SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS

This Settlement Agreement and Release of Wage Claims (the "Agreement") is entered into by and between BRIANNA ROBINSON AND SUNNI LEWIS ("Plaintiffs") and CRAFTY CRAB ORLANDO INC., HAO CHEN, AND MIN LIN ("Defendants"), collectively (the "Parties").

WHEREAS, Plaintiffs filed a civil action (the "Complaint") against Defendants in the United States District Court, Middle District of Florida, Orlando Division, seeking redress for alleged overtime and minimum wage violations under the provisions of 29 U.S.C. §§ 201, et seq., known as the Fair Labor Standards Act (the "FLSA") and Florida law including the Florida Minimum Wage Act (the "FMWA") in Case Number 6:2021-cv-01781-PGB-GJK; and

WHEREAS, Defendants deny all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiff;

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. RECITALS: The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. RELEASE OF WAGE CLAIMS UNDER THE FLSA AND FLORIDA LAW INCLUDING THE FMWA:

   2.1. This agreement shall constitute a release of all claims Plaintiffs asserted in the Complaint against Defendants.

   2.2. Upon execution of this Agreement, the parties shall immediately file a Joint Motion to Approve Settlement with Dismissal of this case, with prejudice.

   2.3. In exchange for the consideration set forth in Paragraph 3 below, Plaintiffs hereby release Defendants from any and all matters asserted in the Complaint and all wage claims arising out of the FLSA, Florida law and the FMWA, including any claims asserted and/or which could have been asserted for alleged unpaid and/or unlawfully retained wages, minimum wages, overtime, remuneration, compensation or tips, and any and all other related state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees and/or costs which relate to the payment of wages.

3. SETTLEMENT SUMMARY: In exchange for and in consideration of the Release and promises of Plaintiffs in this Agreement, Defendants agree to pay a total sum FOURTEEN

THOUSAND, NINE HUNDRED AND SEVENTY DOLLARS ($14,970.00). The payments are itemized and are owed as follows[1]:

> 3.1. On or before **January 31, 2022**, a payment to BRIANNA ROBINSON in the amount of $2,602.00 as wages, less appropriate taxes and withholdings, to represent alleged unpaid wages, overtime and minimum wages claims. An IRS Form W-2 will be issued to Plaintiff Robinson for this amount; and
>
> 3.2. On or before **January 31, 2022**, a payment to SUNNI LEWIS in the amount of $1,660.00 as wages, less appropriate taxes and withholdings, to represent alleged unpaid wages, overtime and minimum wages. An IRS Form W-2 will be issued to Plaintiff Lewis for this amount; and
>
> 3.3. On or before **February 28, 2022**, a payment to BRIANNA ROBINSON in the amount of $2,602.00, with no taxes or withholdings deducted, representing alleged liquidated damages under the FLSA. An IRS Form 1099 will be issued to Plaintiff Robinson for this amount; and
>
> 3.4. On or before **February 28, 2022**, a payment to SUNNI LEWIS in the amount of $1,660.00, with no taxes or withholdings deducted, representing alleged liquidated damages under the FLSA. An IRS Form 1099 will be issued to Plaintiff Lewis for this amount; and

---

[1] The timing and schedule of payments are a material term and condition of this Agreement. In the event the deadlines described herein pass without Court Approval of the Agreement and/or dismissal of the action with prejudice, the payment may be delayed by Defendants until the Court approves the settlement and dismisses the action with prejudice. Upon Court approval of the settlement, Defendants shall deliver all withheld payments to Plaintiffs' Counsel within 5 business days.

    3.5. Payments to LABAR & ADAMS P.A. in the total amount of $6,446.00, representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to LABAR & ADAMS P.A, are due and owing as follows:

| On or before **March 31, 2022**, a check in the amount of $2,500 is due; |
|---|
| On or before **April 30, 2022**, a check in the amount of $2,500 is due; and |
| On or before **May 31, 2022**, a final check in the amount of $1,446 is due. |

Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to insure and review the Agreement and to advise each Party concerning how all of the terms and conditions set forth therein may affect their future tax liabilities. The Parties hereto hereby acknowledge and agree that each has had the opportunity to retain its, his or her own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties hereby acknowledge that that have not relied upon the tax implications of this Agreement. Further, the Parties acknowledge and agree that their signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge that its, his or her attorney provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

    4.    <u>AFFIRMATIONS.</u> The Parties stipulate and affirm that the attorneys' fees and costs were negotiated separately without regard to the amounts due to Plaintiffs. Plaintiffs further affirm that upon payment of the amounts set forth herein, Plaintiffs will have been paid and received a full and fair settlement of all alleged minimum wages and overtime compensation,

liquidated damages related to the alleged minimum wages and overtime compensation, and attorneys' fees and costs in connection with the claims asserted in the Complaint.

5. <u>DEFAULT</u>. If CRAFTY CRAB ORLANDO, INC., HAO CHEN, and/or MIN LIN fail to make any payment as required in paragraph 3 or any of its subparts (3.1 through 3.5) above, PLAINTIFFS shall provide notice and five (5) business days from receipt of the notice to cure the alleged default, and if not timely cured shall be entitled to a consent judgment being taken jointly and severally against CRAFTY CRAB ORLANDO, INC., HAO CHEN, and/or MIN LIN for the amounts stated in paragraph 3 (including its subparts), minus any payments paid under this Agreement. Further, if any party defaults under this Agreement, the non-breaching party shall have the right to specific performance of this Agreement in addition to any other remedies available to the Parties. Further, the prevailing party shall be entitled to all attorney's fees and costs incurred in the enforcement of this Agreement, if suit is brought, including but not limited to attorney's fees and costs incurred in any subsequent proceeding.

6. <u>NO ADMISSION.</u> Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of any liability, unlawful conduct of any kind or violation by the Defendants of the FLSA.

7. <u>OPPORTUNITY TO REVIEW</u>. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel where applicable. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

8. <u>SEVERABILITY.</u> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that

it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. VENUE AND GOVERNING LAW. This Agreement shall be governed by the laws of the State of Florida. In the event of any action arising hereunder, venue shall be proper in the Orange County, FL either in United States District Court or in the Ninth Judicial Circuit Court in Orlando.

10. ENTIRE AGREEMENT. This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the Plaintiff's claims asserted and/or which could have been asserted in this case. Plaintiffs acknowledge that each has not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with the decision to sign this Agreement, except those set forth in this Agreement.

11. EXECUTION IN COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

12. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE EITHER BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT OR HAVE BEEN PROVIDED THE OPPORTUNITY TO SECURE COUNSEL TO ADVISE ON THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY

PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

DEFENDANTS:

CRAFTY CRAB ORLANDO, INC.

Sign: _____

Name: Hao Chen

Title: President

Dated: 01/22/2022

_____          01/22/2022
MIN LIN                          Date

_____          01/22/2022
HAO CHEN                         Date

PLAINTIFFS:

_____   _____

7 | Page

PLAINTIFFS:

_____     1-21-22
BRIANNA ROBINSON                   Date

_____     1/21/22
SUNNI LEWIS                        Date